| FARAWAY, J.,
dissenting.
I respectfully dissent from the majority’s application of La. C.C. art. 524 for the resolution of this dispute. Without consideration of the important legislative history for Article 524, the majority has reached for a remedy which neither party requested. Article 524 has no application to this dispute between the owner of a movable (Louisiana Lift) and one who has acquired that movable in good faith without the owner’s consent (Creamer Brothers).
With the revision of the Civil Code title regarding Ownership by Act No. 180 of 1979, “Articles 518 through 525 ... dealing with the voluntary transfer of the ownership of movables established significant change in the law in an effort to re-align Louisiana law with modern civil law and the Uniform Commercial Code.” La. Civ. Code Ann. arts. 477-532, Expose des Motifs (West 1980). The code’s protection of ownership, as reflected in La. C.C. art. 2452,[1] was tempered by the legislative enactment of these articles which gave protection in specific circumstances to good faith purchasers who acquire from non-owners in possession of the movable.
Under the 1979 legislation, Article 521 reflects the longstanding general principle for the protection of the true owner, while Articles 520 and 524 provided exceptions in favor of transferees in good faith. Those articles as originally enacted provided, in pertinent part, as follows:
Art. 520. Transfer of ownership by possessor
A transferee in good faith for fair value acquires the ownership of a corporeal movable, if the transferor, though not owner, has possession with the consent of the owner, as pledgee, lessee, depositary, or other person of similar standing.
| ftArt. 521. Lost or stolen thing
One who has possession of a lost or stolen thing may not transfer its ownership to another. For purposes of this Chapter, a thing is stolen when one has taken possession of it without the consent of its owner.
Art. 524. Recovery of lost or stolen things
The owner of a lost or stolen movable may recover it from a possessor who bought it in good faith at a public auction or from a merchant customarily selling similar things on reimbursing the purchase price.
While Article 520 specifically addressed the transfer of the movable by a lessee such as R.C.E. and gave protection to a purchaser such as Creamer Brothers, the article was repealed in 1981. Nevertheless, the narrowness of the definition of stolen things in Article 521, which remains *868 the law, is more clearly understood in light of the article’s initial context with former Article 520. Under Article 521’s definition, a thing is stolen “when one has taken possession of it without the consent of the owner,” while the lessee originally addressed in Article 520 was recognized as having possession of the movable “with the consent of the owner.” Because Louisiana Lift placed R.C.E. in possession of the forklift, it does not matter that R.C.E. became delinquent in its payments to Louisiana Lift Such delinquency reflects a bad credit decision on the part of Louisiana Lift, but is not considered a theft under Article 521’s narrow definition for stolen things and as interpreted in the prior jurisprudence before the new code articles were enacted. See, Exposé des Motifs, supra and Jeffrey Motor Co. v. Higgins, 230 La. 857, 89 So.2d 369 (1956).
In summary, the history of La. C.C. arts. 521 and 524 reveals that the legislature never intended for these articles to apply to the present situation, which originally was to have been covered by former Article 520. The repeal of Article 520 did not make R.C.E.’s sale of Louisiana Lift’s property a theft within the ^meaning of Auticle 521. The choice for the proper remedy in this case is either (i) total protection of Louisiana Lift’s ownership under the principle of La. C.C. art. 2452 or (ii) protection of the innocent purchaser, Creamer Brothers, resulting from the failure of Louisiana Lift to have protected its financed lease under the U.C.C. by perfecting a security interest in the forklift. Since the majority’s analysis has not even come to this choice, I pretermit discussion of whether the transaction between Louisiana Lift and R.C.E. created a lease or a financed lease intended as a security interest under the test of La. R.S. 10:1-201(37).

. Art. 2452 states: The sale of a thing belonging to another does not convey ownership.